1   JOHN C. COURTNEY, ESQ.
2   Nevada Bar No. 11092
    LUCHERINI BLAKESLEY COURTNEY, P.C.
3   3175 S. Eastern Avenue
    Las Vegas, Nevada 89169
4   Ph.: (702) 608-3030
    Fax: (702) 534-6354
5   info@lbclawgroup.com
    *Attorneys for Plaintiff*
6
                    **UNITED STATES DISTRICT COURT**
7
                         **DISTRICT OF NEVADA**
8

9
    QAIRESS WINSTON, an individual,          Case No.: 2:16-cv-02309-RFB-CWH
10
            Plaintiff
11
            v.
12
    DOLLAR LOAN CENTER, LLC; DOES I
13  through V, inclusive; and ROE
    CORPORATIONS VI through X,
14  inclusive,
15          Defendants.

16
17  **PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PURSUANT**
                         **TO FRCP 12(b)(6)**
18
19          COMES NOW, Plaintiff, QAIRESS WINSTON ("Plaintiff"), by and through her counsel

20  of record, Lucherini Blakesley Courtney, P.C., and hereby files Opposition to Defendant's Motion

21  to Dismiss Pursuant to FRCP 12(b)(6).  Plaintiff's Opposition is made and based on the following

22  Memorandum of Points and Authorities, all pleadings and papers on file herein and any oral

23  argument this Court may allow.

24  . . .

25  . . .

26  . . .

27  . . .

28
                                    1

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.     INTRODUCTION.

Defendant's instant motion is missing a statement of facts. Accordingly, Defendant has not made a proper motion upon which relief should be granted. Notwithstanding, Defendant's instant motion should not compel this Court to dismiss Plaintiff's complaint for other reasons.

Defendant has not identified anything of substance which would suggest that Plaintiff's Complaint must fail because it is beyond doubt that Plaintiff would be entitled to no relief, even if each allegation was deemed to be true. Instead, Defendant has merely suggested that Plaintiff did not state that she performed **all** aspects of her job satisfactorily, which is not required as a matter of law. The Defendant's stated reason for terminating the employment of Plaintiff was "unsatisfactory attendance." Therefore, the **only** aspect of her employment at issue is her attendance, and nothing else. Plaintiff affirmatively stated that she performed her job in a satisfactory manner in terms of her attendance, again, the only part of her performance at issue. Defendant has suggested that Plaintiff must discuss each and every aspect of her job performance, even if it is not at issue. In other words, Defendant is demanding that Plaintiff state whether each and every aspect of her job was performed satisfactorily. Did she speak to people politely on the telephone? Not relevant. Did she fill out forms correctly? Not relevant. Did she have attendance issues? No, she did not, and she has so alleged in her Complaint. Plaintiff's Complaint should not be dismissed simply because she did not allege irrelevant facts. Thus, she has fulfilled the requirement of alleging that her job performance was satisfactory in the only area in which it was ever brought into question.

Defendant also argues that Plaintiff's entire Complaint must be dismissed because Plaintiff has stated several alternative theories of recovery. Plaintiff necessarily had to cover each possible theory because she has not yet been able to engage in discovery. To illustrate this point, Plaintiff

2

does not know if she was terminated solely because she was pregnant, or if she was terminated because she was *perceived* as disabled due to the fact that it was necessary for her to see her doctor often in connection with her pregnancy.  However, Plaintiff need not aver the state of mind of the Defendant in her Complaint.

It is clear that Plaintiff is not seeking duplicative recovery because it is not permitted as a matter of law, so Defendant's arguments in this respect are misplaced.  However, Plaintiff did in fact plead a claim under state law, as well as federal law, because Plaintiff is not required at this stage of litigation to elect the remedies that she may at some point elect to pursue.

What has been made clear to Defendant in the Complaint is that Defendant discovered that Plaintiff was pregnant, and then Defendant terminated Plaintiff because of her attendance, when others who were similarly situated, but *not* pregnant, female or perceived as disabled, were treated more favorably than Plaintiff even if they had more severe attendance issues than Plaintiff.  Thus, Defendant has been adequately put on notice as to the claims made against Defendant.  Therefore, the instant motion should be denied.

## II.   STATEMENT OF FACTS.

The only pertinent facts at this juncture are those allegations made by the Plaintiff, along with every reasonable inference which may be drawn therefrom.

For the convenience of the Court, Plaintiff has stated, *inter alia*, the following pertinent allegations: (1) that she was terminated from employment based on, in whole or in part, the fact that she was perceived as being pregnant; (2) that she "never had any unexcused absence(s) from work"; (3) that "[f]or any absence from work Plaintiff provided to Defendant a doctor's note"; (4) that the Defendant's stated reason for terminating the employment of Plaintiff was "unsatisfactory attendance"; (5) that "Plaintiff would not have been terminated if she had not become pregnant"; (6) that other employees who were not pregnant, and who had more attendance issues, were treated

more favorably than Plaintiff; (7) that "Defendant failed to reasonably accommodate Plaintiff's medical needs"; (8) that the actual reason that Plaintiff was terminated was "due to, in total or in part, her pregnancy, disability and/or sex or medical conditions"; and (9) that Defendant's stated reason for terminating Plaintiff "was pretext." *See* Compl.

Again, Plaintiff is also entitled to all reasonable inferences which may be drawn from her general allegations at this juncture. While Defendant has suggested that Plaintiff must state everything she ever did which was satisfactory or unsatisfactory, nothing about her job performance is at issue except for her attendance because it was her attendance that the Defendant stated as unsatisfactory, and nothing else. She did affirmatively state that her "unsatisfactory attendance" was pretext, and that she had all her absences excused by doctor's orders, proven by a note from the doctor who excused her absences. Thus, the reasonable inference to be drawn from her allegations is that her job performance was satisfactory.

Defendant has claimed that Plaintiff has not alleged any disability, however, a reasonable inference is that her *perceived* disability was in fact connected with her status as a person who needed to see a doctor often while she was pregnant, causing Plaintiff to miss work to see a doctor, hence, causing her to have attendance issues. At this pre-discovery juncture, Plaintiff is unable to allege Defendant's precise state of mind.

## III.    GENERAL STATEMENT OF THE LAW.

### A.    Law Regarding Dismissal of a Complaint.

#### 1.    Plaintiff Need Only Provide a Short and Plain Statement.

A complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." FRCP 8(a)(2).

. . .

. . .

4

1
2

**2.     If the Court Can Determine from the Body of the Complaint that the Plaintiff Stated Enough Fact to Support a "Plausible" Claim, the Inquiry is Complete and the Motion Must be Denied.**

3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in the complaint. A Rule 12(b)(6) dismissal is proper only where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). The court must accept all factual allegations pleaded in the complaint as true, and construe them and draw all reasonable inferences from them in favor of the nonmoving party. *Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996); *Mier v. Owens*, 57 F.3d 747, 750 (9th Cir. 1995).  Even under the contemporary standards, a complaint need only "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *see also* Bell Atlantic Corp. v. *Twombly*, 550 U.S. 544, 545, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (**even if doubtful in fact**) [emphasis added]" (citations omitted)); *Moss v. United States Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief," citing *Iqbal* and *Twombly*).

24

**3.     Plaintiff May Plead in the Alternative.**

25
26
27
28

Plaintiff may plead for relief in the alternative.  FRCP 8(a)(2).  This means that Plaintiff may make a claim for sex discrimination, pregnancy discrimination and disability discrimination as long as each of the various theories are plausible under the supporting set of allegations.

5

**B.** **Law Regarding Unlawful Discrimination.**

    **1.** **The Claim for Pregnancy Discrimination Falls Within the Claim for Sex Discrimination, So the Claims Should be Raised Together as One Claim.**

Defendant correctly points out that "Title VII prohibits discrimination on the basis of sex, which includes pregnancy, childbirth, and related medical conditions. 42 U.S.C. § 2000e(k)." (Doc. 7, p. 4, ll. 8-9).  Defendant also correctly points out that "Under Title VII, women affected by pregnancy, childbirth, or related medical conditions must be treated the same as other employees for all employment-related purposes as other persons not so affected but similar in their ability or inability to work. 42 U.S.C. § 2000e(k)."  (Doc. 7, p. 4, ll. 14-17).

Title VII makes it unlawful for an employer to "discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of . . . sex." 42 U.S.C. § 2000e-2(a)(1). The Pregnancy Discrimination Act ("PDA") clarifies that "because of sex" includes "because of or on the basis of pregnancy, childbirth, or other related medical conditions," and requires that "women affected by pregnancy, child-birth, or other related medical conditions shall be treated the same for all employment-related purposes . . . as other persons not so affected but similar in their ability or inability to work." 42 U.S.C. § 2000e(k).

    **2.** **In the Context of Employment Litigation, the Employer is in a Superior Position Regarding Discoverable Information, So the Standard for an Employee Should Not be the Same as the Standard for an Employer with Respect to Pleading a Claim.**

In Swierkiewicz v. Sorema N.A., 534 U.S. 506, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002), *questioned on grounds that the allegations must present a "plausible" claim under the Twombly-Iqbal standard*, the Supreme Court held that a Title VII plaintiff does not have to allege a prima facie case of employment discrimination to survive a motion to dismiss.  All that a Title VII plaintiff must provide is "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* at 508, 122 S. Ct. 992 (quoting Fed.R.Civ.P. 8(a)). "Indeed it may appear on the face of

the pleadings that a recovery is very remote and unlikely but that is not the test." *Id.* at 515, 122 S. Ct. 992 (quoting <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974)).

Even in the context of summary judgment – as opposed to a Rule 12(b) motion – the standard is such that "[w]here the evidence of pretext is circumstantial, rather than direct, the plaintiff must present 'specific' and 'substantial' facts showing that there is a genuine issue for trial." <u>*Noyes v. Kelly Servs.*</u>, 488 F.3d 1163, 1170 (9th Cir. 2007) (quoting <u>*Godwin v. Hunt Wesson, Inc.*</u>, 150 F.3d 1217, 1222 (9th Cir. 1998)).  The "specific" facts should be left for the discovery phase of litigation.

All that a Plaintiff must allege is a short and plain statement showing the Court that "it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." <u>*Starr v. Baca*</u>, 652 F.3d 1202, 1216 (9th Cir. 2011).  Thus, if the Court determines that the facts alleged in the complaint would support a *plausible* claim for relief – even if doubtful in fact – then a motion to dismiss the complaint should be denied.

> **3.      State Laws are Virtually Identical as Their Respective Federal Law Claims in Terms of Elements that Must be Alleged in a Complaint.**

In brief, if Plaintiff can satisfy the elements of a Title VII claim, she has satisfied the elements of a state law claim.  *See* NRS 613.310, *et seq.  Compare* Title VII.

> **4.      If Plaintiff Could be Perceived as Disabled by the Employer Who Terminates Her Upon Pretextual Grounds, then Plaintiff has a Plausible Claim for Disability Discrimination.**

In brief, if Plaintiff has satisfied the elements of a Title VII claim, and she also alleges facts that demonstrate that it is plausible that she was perceived as disabled at the time she was terminated upon pretextual grounds, then Plaintiff has satisfied the elements of a discrimination disability claim.  *See* ADA; *compare* Title VII.

. . .

. . .

## IV.   LEGAL ARGUMENT.

### A.   Plaintiff Need Only Provide a Short and Plain Statement Showing that She May Have a Plausible Claim.

Plaintiff has clearly alleged the following factual allegations: (1) that she, a female, was terminated from employment based on, in whole or in part, the fact that she was perceived as being pregnant (or disabled); (2) that she "never had any unexcused absence(s) from work"; (3) that "[f]or any absence from work Plaintiff provided to Defendant a doctor's note"; (4) that Defendant's stated reason for terminating the employment of Plaintiff was "unsatisfactory attendance"; (5) that "Plaintiff would not have been terminated if she had not become pregnant", perceived as disabled, or female; (6) that other employees who were not pregnant, or perceived as disabled, and who had more attendance issues, were treated more favorably than Plaintiff; (7) that "Defendant failed to reasonably accommodate Plaintiff's medical needs"; (8) that the actual reason that Plaintiff was terminated was "due to, in total or in part, her pregnancy, disability and/or sex or medical conditions"; and (9) that Defendant's stated reason for terminating Plaintiff "was pretext."  *See* Compl.

The reasonable inferences to be drawn from Plaintiff's allegations are: (1) Plaintiff's employer discovered that Plaintiff was pregnant; (2) Plaintiff was terminated after her employer discovered that she was pregnant; (3) the reason given for Plaintiff's termination was that she had too many "unexcused absences"; and (4) the reason that the employer gave is objectively false because other non-pregnant person were not terminated, even where those persons had more attendance issues than Plaintiff.  The deduction to be made from these premises is that it is "plausible", particularly in light of the employer's false claim for the reason for termination, that Plaintiff was terminated because she was pregnant.  Indeed, there exists no other reason that is more plausible in light of the employer's stated reason for terminating Plaintiff.  All that Plaintiff knows for certain at this pre-discover phase is that the reason for her termination was pretext; she cannot

stated with absolute certainty whether the basis of the discrimination waged against her was due to her sex, status as a pregnant woman, or her perceived disability, or some combination thereof. Indeed, Plaintiff cannot do more than speculate about Defendant's state of mind prior to any discovery being had. Thus, Plaintiff has adequately satisfied her burden to plead a claim that is plausible.

**B.**    **Defendant's Argument that Plaintiff Must Allege Facts About Every Aspect of Her Job Performance is Misplaced Because Plaintiff was Not Terminated Due to Every Aspect of Her Job Performance.**

Defendant argues that the reason that Plaintiff's Complaint must be dismissed is because she did not state enough "facts demonstrating that she was performing her job in a satisfactory manner at the time of her termination . . ." (Doc. 7, p. 4, ll. 18-27). Yet, Plaintiff has clearly alleged that the only reason she was given for her termination is that her attendance was unsatisfactory. *See* Compl. Further, Plaintiff alleged that all her absences were of the type that were excused. Id. The reasonable inference to be drawn from the reason that she was terminated was that her attendance alone was unsatisfactory, meaning that her performance was not unsatisfactory. Moreover, Defendants appear to be straining to place form over substance, demanding that allegations which are not relevant are necessary to survive dismissal. Thus, it appears that Defendant is arguing that Plaintiff must provide facts which are entirely irrelevant to the case as a basis for dismissal. While Defendant's argument in this regard is confusing, it appears that Defendant is arguing that Plaintiff cannot be entitled to any relief unless she alleges that she politely answered the telephones, learned new tasks in a timely manner, did not engage in insubordination, did not steal, etc. This argument is sufficiently self-defeating without further elaboration.

**C.**    **Defendant has Improperly Stated Plaintiff's Allegations.**

Defendant has stated that Plaintiff "conclude[s] that merely because Defendant was aware of her gender and the fact that she was pregnant, that awareness must be what motivated Defendant

to terminate her, thus entitling her to relief." (Doc. 7, p. 5, ll. 2-10). Defendant has completely ignored Plaintiff's allegations, most particularly that Defendant's stated reason was both pretextual and discriminatory due to the fact that others similarly situated, but not pregnant, were treated more favorably. Plaintiff alleged that the reason she was given for her termination is that she had "unsatisfactory attendance" when her attendance was not unsatisfactory. She alleged that others who were not pregnant were not terminated even if their attendance was less satisfactory than Plaintiff's attendance. The most glaring reasonable inference to be drawn from the pretextual reason for Plaintiff's termination was that the *actual* reason was that Plaintiff was female, pregnant and/or perceived as disabled. Thus, Defendant's argument should fail because Defendant has self-servingly ignored Plaintiff's allegations and the reasonable inferences that may be drawn therefrom.

### D.    Plaintiff Did Allege that Her Job Performance was Satisfactory.

The only part of Plaintiff's job performance that is at issue is Plaintiff's attendance. The reason that this is the only relevant aspect of Plaintiff's job performance is that Defendant has claimed that the only reason that Plaintiff's employment was terminated was due to her attendance. Plaintiff properly alleged that her attendance was not unsatisfactory as alleged by Defendant. Thus, Plaintiff addressed the only part of her job performance which was placed at issue. It would be illogical and unnecessary to require Plaintiff to allege that she performed all the aspects of her job superbly when the only aspect of her job that was deemed "unsatisfactory" was her attendance. Thus, Plaintiff has properly alleged that she performed her job adequately and satisfactorily.

. . .

. . .

. . .

. . .

. . .

1

## V.    CONCLUSION.

2

3   For the reasons stated herein, Defendant's motion to dismiss Plaintiff Complaint should be

denied.

4

DATED this 10th day of November, 2016.

5

6   LUCHERINI BLAKESLEY COURTNEY, P.C.

7

8   By: /s/ John C. Courtney, Esq.
    JOHN C. COURTNEY, ESQ.
9   Nevada Bar No. 11092
    3175 S. Eastern Avenue
10  Las Vegas, Nevada 89169
    Ph.: (702) 608-3030
11  Fax: (702) 534-6354
    Email: info@lbclawgroup.com
12  *Attorneys for Plaintiff*

13

14

15  **CERTIFICATE OF SERVICE**

16  I hereby certify that I am an employee LUCHERINI BLAKESLEY COURTNEY, P.C., and

17  on November 10, 2016, a true and correct copy of the foregoing PLAINTIFF'S OPPOSITION TO

18  DEFENDANT'S MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6), was served pursuant

19  to FRCP 5(b) electronically via the Court's ECF System to those persons listed below on the Notice

20  of Electronic Filing upon the following

21

22  Dora V. Lane, Esq.
    Peter D. Navarro, Esq.
23  HOLLAND & HART LLP
    9555 Hillwood Dr., 2nd Floor
24  Las Vegas, Nevada 89134
    *Attorneys for Defendant*
25

26   /s/ Travis Hesse
    An Employee of LUCHERINI BLAKESLEY COURTNEY, P.C.
27

28