JOHN C. COURTNEY, ESQ.
Nevada Bar No. 11092
LUCHERINI BLAKESLEY COURTNEY, P.C.
3175 S. Eastern Avenue
Las Vegas, Nevada 89169
Ph.: (702) 608-3030
Fax: (702) 534-6354
info@lbclawgroup.com
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| QAIRESS WINSTON, an individual,<br><br>      Plaintiff<br><br>v.<br><br>DOLLAR LOAN CENTER, LLC; DOES I through V, inclusive; and ROE CORPORATIONS VI through X, inclusive,<br><br>      Defendants. | Case No.: 2:16-cv-02309-RFB-CWH |

### PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR MORE DEFINITE STATEMENT PURSUANT TO FRCP 12(e)

COMES NOW, Plaintiff, QAIRESS WINSTON ("Plaintiff"), by and through her counsel of record, Lucherini Blakesley Courtney, P.C., and hereby files Opposition to Defendant's Motion for More Definite Statement Pursuant to FRCP 12(e). Plaintiff's Opposition is made and based on the following Memorandum of Points and Authorities, all pleadings and papers on file herein and any oral argument this Court may allow.

. . .

. . .

. . .

. . .

1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. STATEMENT OF FACTS.

The only pertinent facts at this juncture are those allegations made by the Plaintiff, along with every reasonable inference which may be drawn therefrom.

For the convenience of the Court, Plaintiff has stated, *inter alia*, the following pertinent allegations: (1) that she was terminated from employment based on, in whole or in part, the fact that she was perceived as being pregnant; (2) that she "never had any unexcused absence(s) from work"; (3) that "[f]or any absence from work Plaintiff provided to Defendant a doctor's note"; (4) that the Defendant's stated reason for terminating the employment of Plaintiff was "unsatisfactory attendance"; (5) that "Plaintiff would not have been terminated if she had not become pregnant"; (6) that other employees who were not pregnant, and who had more attendance issues, were treated more favorably than Plaintiff; (7) that "Defendant failed to reasonably accommodate Plaintiff's medical needs"; (8) that the actual reason that Plaintiff was terminated was "due to, in total or in part, her pregnancy, disability and/or sex or medical conditions"; and (9) that Defendant's stated reason for terminating Plaintiff "was pretext." *See* Compl.

Again, Plaintiff is also entitled to all reasonable inferences which may be drawn from her general allegations at this juncture. While Defendant has suggested that Plaintiff must state everything she ever did which was satisfactory or unsatisfactory, nothing about her job performance is at issue except for her attendance because it was her attendance that the Defendant stated as unsatisfactory, and nothing else. She did affirmatively state that her "unsatisfactory attendance" was pretext, and that she had all her absences excused by doctor's orders, proven by a note from the doctor who excused her absences. Thus, the reasonable inference to be drawn from her allegations is that her job performance was satisfactory.

Defendant has claimed that Plaintiff has not alleged any disability, however, a reasonable

inference is that her *perceived* disability was in fact connected with her status as a person who needed to see a doctor often while she was pregnant, causing Plaintiff to miss work to see a doctor, hence, causing her to have attendance issues. At this pre-discovery juncture, Plaintiff is unable to allege Defendant's precise state of mind.

## II. STATEMENT OF THE LAW.

A motion for a more definite states should only be granted when a complaint is so vague or ambiguous that a responsive pleading cannot reasonably be framed. *See* FRCP 12(e).

### A. Plaintiff Need Only Provide a Short and Plain Statement.

A complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." FRCP 8(a)(2).

### B. If the Court Can Determine from the Body of the Complaint that the Plaintiff Stated Enough Fact to Support a "Plausible" Claim, the Inquiry is Complete and the Motion Must be Denied.

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in the complaint. The court must accept all factual allegations pleaded in the complaint as true, and construe them and draw all reasonable inferences from them in favor of the nonmoving party. <u>Cahill v. Liberty Mutual Ins. Co.</u>, 80 F.3d 336, 337-38 (9th Cir. 1996); <u>Mier v. Owens</u>, 57 F.3d 747, 750 (9th Cir. 1995). Even under the contemporary standards, a complaint need only "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *see also* <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 545, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (**even if doubtful in fact**) [emphasis added]" (citations omitted)).

### III. LEGAL ARGUMENT.

Here, Defendant has not identified anything that is vague or ambiguous. Instead, Defendant is simply asking for more than a short and plain statement. Particularly, Defendant is suggesting that it cannot form a meaningful response to Plaintiff's allegations unless Plaintiff affirmatively states that she performed **all** of her job functions, which are not at all at issue, in a satisfactory manner. In other words, Defendant is requesting that the Court require Plaintiff to provide more than a short and plain statement, and it is not the case that Defendant does not understand the claims brought against it. Further, Defendant is demanding that Plaintiff allege irrelevant information so that the statements made by her are more definite. The motion should be denied, particularly because the information sought by Defendant may be procured in discovery and at this juncture Plaintiff has stated a plausible claim against Defendant.

### IV. CONCLUSION.

For the reasons stated herein, Defendant's Motion for a More Definite Statement Pursuant to FRCP 12(e) should be denied.

DATED this 10th day of November, 2016.

LUCHERINI BLAKESLEY COURTNEY, P.C.

By: /s/ John C. Courtney, Esq.
JOHN C. COURTNEY, ESQ.
Nevada Bar No. 11092
3175 S. Eastern Avenue
Las Vegas, Nevada 89169
Ph.: (702) 608-3030
Fax: (702) 534-6354
Email: info@lbclawgroup.com
*Attorneys for Plaintiff*

# **CERTIFICATE OF SERVICE**

I hereby certify that I am an employee LUCHERINI BLAKESLEY COURTNEY, P.C., and on November 10, 2016, a true and correct copy of the PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR MORE DEFINITE STATEMENT PURSUANT TO FRCP 12(e), was served pursuant to FRCP 5(b) electronically via the Court's ECF System to those persons listed below on the Notice of Electronic Filing upon the following

>Dora V. Lane, Esq.
>Peter D. Navarro, Esq.
>HOLLAND & HART LLP
>9555 Hillwood Dr., 2nd Floor
>Las Vegas, Nevada 89134
>*Attorneys for Defendant*

                                       /s/ Travis Hesse
                       An Employee of LUCHERINI BLAKESLEY COURTNEY, P.C.